UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6

Case No.  2:25-cv-02999-MEMF-RAO                               Date: August 14, 2025

Title  <u>Coastal Capital Group, LLC v. Christian Copeland et al</u>

Present: The Honorable:  Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:
N/A                                                                   N/A

**Proceedings: Order Remanding Case**

For the reasons set forth below, the Court REMANDS the case to Los Angeles County Superior Court.

On September 19, 2024, Plaintiff Coastal Capital Group, LLC ("CCG") filed this action in Los Angeles County Superior Court. *See* ECF No. 1 at 5. This is an unlawful detainer action in which CCG seeks restitution, possession of the relevant premises, damages, and costs. *Id.* at 7. The Complaint specifies that the amount demanded does not exceed $10,000 and states that it "waives any recovery in excess of Superior Court jurisdiction." *Id.* at 5, 7.

On April 7, 2025, Defendants Christian Copeland and Avis Copelin ("Defendants") removed the action to this Court. *See* ECF No. 1 ("NOR"). The NOR specified that Defendants removed the action pursuant to 28 U.S.C. Section 1441 (which generally governs removal), 28 U.S.C. Section 1446 (which describes procedures for removal), and 28 U.S.C. Section 1331 (which grants federal courts jurisdiction over suits involving questions of federal law). *Id.* at 2.

On April 18, 2025, this Court issued an Order to Show Cause as to why the action should not be dismissed for lack of subject matter jurisdiction. ECF No. 9 ("OSC"). The Court ordered Defendants to respond in writing by no later than May 2, 2025 and warned that failure to file a timely response may result in dismissing the action. *Id.* CCG was ordered to file its response no later than seven days from the filing of Defendants' response. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-02999-MEMF-RAO                                  Date: August 14, 2025

Title      *Coastal Capital Group, LLC v. Christian Copeland et al*

On May 2, Defendants filed a timely response to the OSC. ECF No. 13 ("OSC Response"). CCG filed an untimely response to Defendants' filing on June 4, 2025. ECF No. 15. ("Reply").

The Court has considered the OSC Response and finds that Defendants have failed to show cause as to why the action should not be remanded. Defendants contend that Plaintiff must be registered through the federal Nationwide Multistate Licensing System and Nationwide Mortgage Licensing System and Registry ("NMLS/NMLSR") in order to make residential property loans; however, Plaintiff made an unlawful loan for the residential property at issue without obtaining the requisite state-issued license under the NMLS/NMLSR. OSC Response at 2–4.

As Defendants note in the Reply, under 28 U.S.C. Section 1441(a), "any civil action" commenced in state court is removable if it may have been brought originally in federal court. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005) ("[A] district court has original jurisdiction of a civil action for purposes of § 1441(a) as long as it has original jurisdiction over a subset of the claims constituting the action."). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Under the well-pleaded complaint rule, removal jurisdiction must be based on federal claims actually asserted in a plaintiff's complaint. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 10–11 (1983). Potential defenses or counterclaims under federal law do not give rise to removal jurisdiction. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

Here, the OSC Response appears to describe a potential defense that invokes federal law but provides no basis for the Court to find removal jurisdiction under 28 U.S.C. Section 1441. As the Court previously described in the OSC, subject matter jurisdiction under 28 U.S.C. Section 1331 appears to be irrelevant here since the Complaint is entirely based on state law; it does not invoke any issues of federal law. ECF No. 9; ECF No. 1 at 5–8.

The Court finds that Defendants have failed to show cause as to why the action should proceed in federal court. Therefore, the Court concludes that it lacks subject matter jurisdiction to hear the case. Since the Court finds remand is proper here, the Court will REMAND this case to Los Angeles County Superior Court forthwith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-02999-MEMF-RAO                                 Date: August 14, 2025

Title  <u>Coastal Capital Group, LLC v. Christian Copeland et al</u>

IT IS SO ORDERED.

**The Court DENIES the Ex Parte Application as Moot [ECF No. 10]**

Given that the Court is remanding the action to Los Angeles County Superior Court, the Court declines to rule on CCG's Ex Parte Application for Order to Remand Unlawful Detainer to State Court. ECF No. 10 ("Ex Parte Application"). The Ex Parte Application is DENIED as MOOT.

**Resources for Self-Represented Parties**

Although Defendants are proceeding *pro se*, i.e., without legal representation, she nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. See C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including pro se litigants. There is a free "Pro Se Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal Pro Se Clinic where pro se litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. Pro se litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

- Public Counsel also has extensive resources for pro se litigants at its website located at https://publiccounsel.org/services/federal-court/.

- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for pro se litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

|  | : |
|---|---|
| **Initials of Preparer** | DB |